OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendants are not entitled to specific performance of an alleged plea bargain which was never formally entered on the record.
Defendants, Nathaniel Hood and his sister Gwendolyn, were indicted for attempted murder in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree. In January, 1978, the case was moved to a trial part, and plea negotiations ensued. From his own discussions with counsel the Judge understood, just before the luncheon recess, that an agreement had been reached whereby Nathaniel would plead to assault in the first degree and receive a 15-year sentence *865 and Gwendolyn would plead to a weapons possession charge and receive a sentence of probation, and that this agreement would be entered on the record upon resumption of the proceedings that afternoon. Not surprisingly, the parties at this stage present different accounts of what actually occurred in those off-the-record discussions. After lunch, the supervising prosecutor appeared and informed the court, on the record, that having consulted with the victim, the People determined that it was not appropriate to accept the plea bargain. Both defendants subsequently pleaded not guilty, proceeded to a Bench trial, and were convicted of attempted murder in the first degree and sentenced to terms of 15 years to life in prison. The Appellate Division affirmed the convictions.
Defendants are not entitled to specific performance of the alleged plea bargain. The statements on the record by the prosecutor rejecting the proposed plea bargain are inconsistent with defendants’ contention that there had been a prior off-the-record unconditional acceptance by the People. Even if defendants’ contentions were accepted, however, there is no basis for judicial recognition of a plea bargain until it is concluded by entry on the record. (See People v Frederick, 45 NY2d 520, 526; People v Selikoff, 35 NY2d 227, 244, cert den 419 US 1122.)
Defendants argue further that they were denied effective assistance of counsel in the conduct of their trial. While no defense witnesses were called, each defense counsel cross-examined the People’s witnesses, presented opening and closing arguments to the court, and presented theories — albeit unsuccessful — of defense. In these circumstances we cannot say that defendants’ right to effective assistance of counsel was denied. (People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394.) We have considered defendant Gwendolyn Hood’s additional argument that her guilt was not as a matter of law proven beyond a reasonable doubt, and find it also to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.