■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSEANNE MINER, Appellant.—Mahoney J. Appeal from a judgment of the County Court of Albany County (Harris J.), rendered August 28, 1985, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On March 1, 1985, an Albany County Grand Jury returned a three-count indictment charging defendant with the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree. On April 10, 1985, a suppression hearing was held in order to determine the admissibility of certain tangible evidence which was seized from defendant's residence in the City of Albany. The evidence, which consisted of a quantity of cocaine and other items, was seized pursuant to a search warrant. County Court denied defendant's motion to suppress, finding that there was probable cause for the issuance of the warrant. The court also denied defendant's motion to suppress certain statements made by defendant to police.

Thereafter, counsel for defendant negotiated a plea agreement whereby defendant would plead guilty to the second count of the indictment, criminal possession of a controlled substance in the fourth degree, a class C felony punishable by an indeterminate term of imprisonment of up to 5 to 15 years, in exchange for the court's agreement not to sentence her to more than 2⅓ to 7 years' imprisonment. Counsel for defendant concurred in defendant's decision to plead in accordance with the agreement. At the sentencing proceeding, County

Court imposed an indeterminate sentence of 2 to 6 years' imprisonment. Following imposition of sentence, defendant moved to withdraw her plea, alleging that an off-the-record promise with respect to sentencing had been made. The motion was denied. This appeal by defendant ensued.

We reject defendant's contention that County Court erred in denying her motion for withdrawal of the guilty plea based upon her allegation that the sentence imposed was not in accord with what was said in chambers prior to the entry of the plea. The Court of Appeals in *People v Frederick* (45 NY2d 520) held that because of the strong social policy behind promoting the finality of criminal prosecutions, once a plea is entered, the court to which such a withdrawal motion is addressed may rely on the agreement as it appears on the record to ascertain whether any promises or representations were made to defendant *(id.,* at 525). Here, there was an extensive colloquy between the court and both defendant and her counsel. The only promise that appears on the record is the promise not to sentence to more than 2⅓ to 7 years. If some other representation had been made off-the-record, it was defense counsel's responsibility to have it placed on the record *(see, id.,* at 526). If defense counsel gave defendant erroneous advice about the time to be served pursuant to the agreed sentence, it does not justify the withdrawal of the plea *(see, People v Ramos,* 63 NY2d 640).

We also reject defendant's assignment of error to the denial by County Court of defendant's motion to suppress tangible evidence seized, claiming that the information contained in the search warrant application was insufficient to establish probable cause to believe contraband would be located in defendant's apartment. This position of defendant is based on her contention that the application failed to prove the reliability of the informant who gave the information to the police. We disagree. The search warrant application submitted by a police officer states that a white male known as Hilton and a white female known as Wendy residing at 564 Park Avenue in the City of Albany, concededly defendant's residence, were dealing in quantities of drugs. The application further stated that an electronically monitored confidential informant went to defendant's residence on November 24, 1984 and purchased cocaine from a white female known as Wendy. In addition, the search warrant application submitted by Detective John Tanchak states that the police had in their possession two packets of white powder alleged to be cocaine which were purchased by the informant. The application further states that tape

recordings of the purchases were made. Clearly, the search warrant application sets forth facts with respect to the observations of the police which confirm the information supplied by the informant. We hold that the two "controlled buys" constitute observation of activity inconsistent with innocent behavior (see, People v Elwell, 50 NY2d 231, 234-235) and fully corroborate the reliability of the informant (see, People v Marshall, 13 NY2d 28, 34).

Next, defendant's argument that the search warrant was invalidly issued because it authorized a search of "persons" present at the premises is without merit. Defendant's reliance on People v Nieves (36 NY2d 396) is misplaced. The warrant in Nieves was for the search of a public place, a restaurant, and of any person found therein (id., at 403-405) where there was no probable cause for belief that each occupant was engaged in criminal activity. In contrast, the warrant herein was for specific residential premises and those persons believed to be involved in the purchase and sale of illegal drugs. Such language comports with the constitutional strictures analyzed in Nieves (see also, People v Soler, 92 AD2d 280, 286-287). Further, defendant's person was not searched until after she was arrested, justifying any such search as incident to a lawful arrest.

Finally, we conclude that the sentence imposed was not harsh and excessive. The maximum sentence was not imposed. Further, defendant was sentenced in accordance with the terms of her plea bargain, arrived at after full consultation with her attorney. Finally, defendant's plea was entered in satisfaction of a three-count indictment. Given these circumstances, we cannot say that the sentencing court abused its discretion in imposing sentence.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.