■ ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Respondent, v CITISOURCE, INC., et al., Appellants, et al., Defendants.—On remittitur from the Court of Appeals, order, Supreme Court, New York County (Martin Stecher, J.), entered May 20, 1986, which, *inter alia,* denied the cross motion of the defendants-appellants to vacate ex parte attachments and granted plaintiff's motion to confirm the ex parte attachments in the sums of $276,963.64 against Stanley Friedman and $5,100 against Marvin B. Kaplan, and

further issued an injunction restraining Marvin B. Kaplan from disposing of a $400,000 fund in a retirement trust account (Desu Trust), affirmed and the matter remanded for further proceedings in accordance herewith, without costs.

The District Attorney sought to attach certain of defendants' assets under the authority of CPLR article 13-A. Supreme Court granted an ex parte motion to effect attachment. We vacated, holding that the District Attorney could not attach or restrain the assets of a defendant not yet convicted unless (following the statute) those assets were proceeds of a crime, substituted proceeds of a crime or the instrumentality of a crime. (121 AD2d 353.) The Court of Appeals disagreed, reversed and remitted the case to this court for further proceedings in accordance with their opinion and for us to consider facts and issues not reached on the earlier appeal and cross appeal to this court. (68 NY2d 211.)

In view of the Court of Appeals construction of the statute, we affirm the order of the Supreme Court granting attachment. However, there remains an issue of whether the Desu trust, established by defendant Kaplan, could be restrained from alienation. Kaplan claims the trust qualifies as a pension plan under the Employees Retirement Income Security Act ([ERISA], 29 USC § 1001 *et seq.*). If so, then it is regulated by the ERISA legislation which prohibits alienation of the fund and prohibits preemption by State law with possible exceptions not material here. *(Cf., Planned Consumer Mktg. v Coats & Clark,* 127 AD2d 355; *see,* ERISA, 29 USC § 1056 [d] [1]; § 1144; *see also, Ellis Natl. Bank v Irving Trust Co.,* 786 F2d 466 [2d Cir 1986].) Nevertheless, the District Attorney argues that the Desu trust resembles a Totten trust because Kaplan is the sole trustee, sole director of the Desu company, and one of only three employee-participants. Accordingly, we remand for a hearing to determine if it qualifies under ERISA. Concur —Kupferman, J. P., Sandler, Rosenberger and Wallach, JJ.