■ DISTRICT ATTORNEY OF KINGS COUNTY ELIZABETH HOLTZMAN, Appellant, v EDWIN ROMAN, Also Known as CARLOS CORTIJO, Respondent.—In a civil forfeiture action, the plaintiff appeals from an order of the Supreme Court, Kings County (Coffinas, J.), dated July 30, 1987, which denied the plaintiff's motion to confirm an order of attachment, and dismissed the complaint.

Ordered that the order is reversed, with costs, the motion is granted, and the complaint is reinstated.

The court erroneously dismissed the instant action because the District Attorney had allegedly given the defendant a promise, in return for his plea of guilty to attempted robbery in the second degree, not to seek forfeiture of his automobile which was used by the defendant and an accomplice to flee after committing a robbery. Promises which are not placed on the record are not enforceable *(see, People v Hood,* 62 NY2d 863). Moreover, since the forfeiture action is a collateral consequence of the defendant's guilty plea, there was no requirement that the defendant be informed that the District Attorney would attempt to gain possession of the automobile *(see,* CPLR 1311 [1]; *People v Mitchell,* 121 AD2d 403).

The court also erroneously held that the action could not be maintained because the defendant's due process rights had been violated. The safeguard procedures provided for in CPLR article 13-A satisfy minimal due process requirements *(see, Morgenthau v Citisource, Inc.,* 68 NY2d 211, 220-222, *on remittitur* 128 AD2d 459). Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.