■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BURKETT, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Westchester County (Facelle, J.), both rendered January 25, 1988, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 87-00726-01 and attempted criminal sale of a controlled substance in the third degree, under indictment No. 87-01029-01, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant asserts that his plea of guilty entered in the City Court of the City of Peekskill on April 30, 1987 to the misdemeanor of criminal possession of a controlled substance in the seventh degree (based upon an Apr. 15, 1987 narcotics transaction), should have barred the rendering of two judgments on January 25, 1988, that are based upon four drug sales on March 10, 1987, March 23, 1987, April 6, 1987, and April 14, 1987. The record of the plea allocution of April 30, 1987, is devoid of any support for defendant's contention *(see, People v Hood,* 62 NY2d 863; *People v Rodriguez,* 137 AD2d 636).

Furthermore, as a condition of entering the instant guilty

pleas on November 30, 1987, he withdrew "all motions, whether pending or decided", including the motion containing the contentions advanced at bar. Even apart from any such waiver *(see, e.g., People v Dascoli,* 149 AD2d 609), we find that, on the merits, the defendant's arguments lack merit.

On April 30, 1987, the defendant entered a guilty plea in full satisfaction of the charges arising out of the April 15, 1987, criminal activities. He has not produced any evidence that the People acted improperly or denied him any due process right concerning the sequence in which the ensuing indictments were presented. Absent unequivocal support in the record, which is lacking here, it would be erroneous to conclude that the defendant's misdemeanor plea subsumed the two later indictments charging him with committing a series of numerous and distinct felony drug transactions. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.