■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VULPIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 26, 1988, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Insofar as the defendant knowingly and voluntarily pleaded guilty to the top count of the indictment, he is now precluded from challenging the sufficiency of the evidence before the Grand Jury (see, People v Thomas, 74 AD2d 317, 321, affd 53 NY2d 338; People v Hunt, 148 AD2d 836; People v Torres, 96 AD2d 604).

In addition, the defendant's challenge to the sufficiency of

the plea allocution has not been preserved for our review since he failed to move to withdraw his plea at any time prior to sentencing *(see, People v Pellegrino,* 60 NY2d 9; *People v Moore,* 149 AD2d 440). In any event, it is well established that a guilty plea will not be vacated merely because a defendant was unable or unwilling to describe or admit to the underlying facts of the charge where the plea was entered into knowingly, voluntarily and with full understanding of the consequences *(see, People v Brown,* 114 AD2d 1036; *see also, North Carolina v Alford,* 400 US 25; *People v Perkins,* 89 AD2d 956).

Finally, the defendant's assertion of a purported off-the-record sentencing promise by another Judge is completely without merit. The defendant clearly and unequivocally acknowledged during the plea proceedings that he understood that he would receive the sentence that was actually imposed and that no other sentencing promises had been made to him *(see, People v Osborne,* 133 AD2d 855; *People v Miner,* 126 AD2d 798). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.