■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. ABERNATHY, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered October 20, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On this appeal, defendant claims that evidence was wrongfully seized at the time of his arrest for criminal possession of a controlled substance in the third degree and should have been suppressed by County Court. Defendant's arrest occurred at the residence of his girlfriend, Mary Giordani, in the Village of Johnson City, Broome County, when the police,

acting pursuant to a search warrant of the premises and also of the person of Giordani, burst into the premises and observed four persons, including defendant, seated at or near a table that contained drug paraphernalia and packaging. Defendant was observed to jump up from the table and back away from it. He was ordered to put his hands on the wall and a pat down was made by one of the officers. In the course of the pat down, the officer felt a hard rectangular object in defendant's pants' pocket. Defendant was observed throwing this object down the cellar stairs and when it was retrieved it contained 34 blue packets of cocaine which matched the ones observed on the kitchen table. Defendant was indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. Defendant was convicted after a trial by jury of both counts and was sentenced to concurrent prison terms of 2½ to 10 years on the first count, a class B felony, and 2 to 6 years on the second count, a class C felony.

On this appeal, defendant first argues that County Court erred in denying his motion to suppress the evidence obtained against him because he was not specifically named in the search warrant, making the pat down of defendant illegal and requiring suppression of the packet of drugs which defendant threw down the cellar stairs. We disagree. The search warrant application established probable cause to believe that the Giordani residence was being used for the sale and distribution of controlled substances. The search warrant authorized a search of the person of Giordani "as well as the person of anyone found in the apartment during the execution of this warrant". In the circumstances, the search of defendant's person was proper, as was the seizure of the object he threw away (see, People v Miner, 126 AD2d 798, 800). Additionally and independently, we would affirm the denial of defendant's motion to suppress since the pat down was incidental to defendant's lawful arrest, based as it was on probable cause (see, People v Alexander, 37 NY2d 202, 203).

The other claim of defendant is that the sentence imposed was excessive. Again, we disagree. The crimes were severe. He was shown to have been a supplier of cocaine to persons who came to the Giordani residence to purchase. Prior to defendant's trial, Giordani had entered a plea of guilty, arising out of the fact that she had made her apartment available to defendant for drug dealing. Upon her plea of guilty, Giordani was sentenced, as a second felony offender, to a prison term of 5 to 10 years. As the supplier of the drugs, defendant's

comparable sentence was appropriate. Defendant's sentence on the class B felony did not approach the harshest sentence of 8⅓ to 25 years that could have been imposed for such a crime. There was, therefore, no abuse of County Court's discretion in sentencing defendant.

Defendant's supplemental *pro se* brief argues that he was denied the effective assistance of counsel because his attorney neglected to challenge the validity of the warrant which authorized the search of the Giordani residence. It is apparent from the record that defense counsel elected to challenge the basis for the search of defendant's person once the police entered the Giordani residence, rather than the factual basis for the issuance of the warrant. Although this tactic proved unsuccessful, it cannot be said that defendant did not receive meaningful representation *(see, People v Baldi,* 54 NY2d 137). The judgment of conviction should therefore be affirmed.

Weiss, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.