■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE P. SALVAGNI, Appellant. [605 NYS2d 125] —Cardona, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered December 30, 1992, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and criminally negligent homicide.

Defendant was convicted of the crimes of criminally negligent homicide and driving while intoxicated. Defendant's convictions arise out of a single-car accident in the Town of Westerlo, Albany County, on March 21, 1992, in which his teen-age companion, a passenger, was killed. Defendant, the operator of the vehicle, was intoxicated and driving at an excessive rate of speed at the time of the accident. At the sentencing following defendant's negotiated plea of guilty, County Court denied defendant's request for adjudication as a youthful offender and imposed the bargained-for sentences of imprisonment of 1⅓ to 4 years on the conviction for criminally negligent homicide and a concurrent, definite sentence of one year on the conviction for driving while intoxicated. On this appeal, defendant contends that (1) the sentence imposed was violative of a commitment made by County Court during the plea bargaining process to grant youthful offender treatment, (2) attendant media coverage and public sentiment at the sentencing affected the court's decision to deny youthful offender status, and (3) the court abused its discretion in denying youthful offender status.

Initially, we note that the first enumerated issue has not been preserved for appellate review, as defendant did not raise it before County Court either by way of objection at sentencing or by way of a postjudgment motion to vacate his plea (see, People v Ellis, 162 AD2d 701, lv denied 76 NY2d 892; cf., People v Bell, 47 NY2d 839, 840). In any event, the promise that defendant claims was made appears nowhere in the record and is contradicted by defendant's acknowledgement at the time of his guilty plea that no other promises or representations were made to induce his guilty plea. Under these circumstances, any off-the-record promise is not entitled to judicial recognition (see, People v Danny G., 61 NY2d 169, 173; Matter of Benjamin S., 55 NY2d 116).

Next, there is insufficient evidence in this record to support defendant's contention that youthful offender treatment was

denied as a response to media coverage or public sentiment. Finally, upon reviewing the record and the presentence report in this case, we note that the Probation Department did not make a recommendation for youthful offender treatment. County Court did not abuse its discretion in denying youthful offender treatment. Under the circumstances of this case, we choose not to exercise our discretion to grant youthful offender treatment *(see, People v Cruickshank,* 105 AD2d 325, *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625).

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.