dict.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS HERNANDEZ, Also Known as MIGUEL MOSQUEA, Appellant. [617 NYS2d 70] —Judgment unanimously affirmed. Memorandum: Defendant contends that the original plea bargain was a sentence of five years to life imprisonment in return for his "telling the truth" about a codefendant. That alleged bargain was not placed on the record and thus is not enforceable *(see, People v Hood,* 62 NY2d 863, 865; *Holtzman v Roman,* 141 AD2d 601). In any event, defendant was given an opportunity to withdraw his plea and rejected that offer. Defendant further contends that he did not recite the underlying facts of the crime. Defendant admitted, however, that he intended to sell the cocaine, thus establishing that it was under his control. Finally, defendant's contention that the plea was not voluntarily, knowingly and intelligently made is belied by the record. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDREWS, Appellant. (Appeal No. 1.) [617 NYS2d 664] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDREWS, Appellant. (Appeal No. 2.) [617 NYS2d 664] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Niagara County Court, D'Amico, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL RODRIGUEZ, Appellant. [617 NYS2d 696] —Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Pos-