THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JEROME STEPHENS, Appellant. [619 NYS2d 445] —Judgment unan-
imously affirmed. Memorandum: There is no merit to the
contention that the warrant application was defective because
it failed to establish the reliability of a confidential informant.
Reliability was established by the police officer's affidavit
stating that the informant had previously provided informa-
tion that had resulted in drug arrests *(see, People v Moore,* 124
AD2d 1032; *People v Collier,* 89 AD2d 1041, 1042) and by
setting forth personal observations by the police of corroborat-
ing details *(see, People v Elwell,* 50 NY2d 231, 237).

Defendant further contends that the search warrant was
overly broad because it authorized the search of "persons
found in said apartment * * * that might reasonable *[sic]* be
expected to conceal cocaine, crack, or other illegal narcotics on
their person". We disagree. The warrant application estab-
lished probable cause to believe that the apartment was being
used for the sale and distribution of controlled substances.
Thus, the issuing Magistrate could infer that anyone present
in the apartment was involved in the ongoing illegal activity
*(see, People v Abernathy,* 175 AD2d 407, 408, *lv denied* 78
NY2d 1073; *People v Miner,* 126 AD2d 798, 800; *People v Betts,*
90 AD2d 641, 642).

We also reject the contention that the trial court erred in
admitting evidence of defendant's prior uncharged drug activ-
ity. That evidence was properly admitted to prove that defen-
dant possessed cocaine with intent to sell *(see, People v Her-
nandez,* 71 NY2d 233, 245-246). We conclude that the court
did not abuse its discretion in determining that the probative
value of that evidence exceeded its potential prejudicial effect
*(see generally, People v Ely,* 68 NY2d 520, 529; *see also, People
v Hernandez, supra).*

We have reviewed the remaining contention of defendant
and conclude that it is without merit. (Appeal from Judgment
of Ontario County Court, Harvey, J.—Criminal Possession
Controlled Substance, 3rd Degree.) Present—Green, J. P.,
Pine, Lawton, Callahan and Doerr, JJ.