■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH F. MARTIN, Appellant. [627 NYS2d 149] —Cardona, P. J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 14, 1994, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

On this appeal, defendant contends that he should be allowed to withdraw his plea of guilty because County Court failed to keep its promise that it would not impose a prison sentence harsher than 1 to 3 years. The court imposed a prison sentence of 1⅓ to 4 years. In rejecting defendant's argument, we note that the promise that defendant claims was made appears nowhere in the minutes of the plea allocution (see, People v Frederick, 45 NY2d 520; People v Hernandez (Mosquea), 207 AD2d 1015, lv denied 84 NY2d 936, 938; cf., People v Torres, 45 NY2d 751).

Even if we accepted defendant's contention that a prior letter from County Court indicated that an agreement had been reached with respect to a 1- to 3-year sentence, "there is no basis for judicial recognition of a plea bargain until it is concluded by entry on the record" (People v Hood, 62 NY2d 863, 865). The plea minutes are devoid of any mention of any final agreement regarding a sentencing recommendation (see, People v Piccolo, 56 AD2d 804). Instead, defendant clearly and unequivocally acknowledged during the plea allocution that no promise was being made concerning his sentence and that he could receive the sentence which County Court did ultimately impose (see, People v Vulpis, 159 AD2d 530; People v Osborne, 133 AD2d 855, lv denied 70 NY2d 959; People v Miner, 126 AD2d 798; see also, People v Salvagni, 199 AD2d 680). Both defendant and his counsel acknowledged that, aside from the fact that defendant was being allowed to plead guilty to a single count of a multicount indictment and that the People were recommending a split sentence of probation and local incarceration, neither County Court nor anyone else had made any promises concerning his sentence and there were no other conditions to the plea (see, People v Frederick, supra; People v Salvagni, supra; see also, People v Selikoff, 35 NY2d 227, cert denied 419 US 1122). Under the circumstances, any prior promises which may have been made are not entitled to judicial recognition.

We further reject defendant's contention that the sentence

imposed was unduly harsh and excessive. County Court properly exercised its discretion in light of the nature of defendant's actions and the fact that defendant was permitted to plead guilty to only one count of a 14-count indictment *(see, People v Jefferson,* 161 AD2d 898, *lv denied* 76 NY2d 790). Defendant has asserted no circumstances which would warrant a reduction of the sentence.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Franklin County for further proceedings pursuant to CPL 460.50 (5).