■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD W. SLOAN, Appellant. [644 NYS2d 837] —Casey, J.

On March 22, 1994, defendant entered a plea of guilty of the crime of grand larceny in the third degree. The charge arose out of defendant's alleged theft of a truck which he ultimately conveyed to the owner of a tavern in order to defray his bar bill. After a thorough allocution, County Court accepted defendant's plea.

On May 20, 1994, defendant made a motion to withdraw his guilty plea on the ground that it had been based on defendant's understanding that he would be sentenced to a prison term of 2 to 4 years. When defense counsel informed defendant that no such agreement had been made, defendant decided to withdraw his plea. County Court denied defendant's motion and sentenced him as a second felony offender to a prison term of 3 to 6 years. Defendant appeals.

Defendant contends that his motion to withdraw his guilty plea should have been granted because he entered it believing that he would be sentenced to a term of 2 to 4 years. There is, however, nothing in the transcript of the plea hearing to support this contention. Defendant specifically stated at his allocution before County Court that no representations had been made to him regarding the anticipated length of his sentence and he further acknowledged his awareness that he could receive a sentence of $3^1/2$ to 7 years if convicted as a second felony offender.

Disputed off-the-record promises cannot be used to contradict the terms of a guilty plea expressed upon the record (see, People v Selikoff, 35 NY2d 227, 244, cert denied 419 US 1122). Under the circumstances presented here, we find no abuse of County Court's discretion in denying plaintiff's motion to withdraw his plea (see, People v Scott, 168 AD2d 835; see also, People v Martin, 215 AD2d 942).

We reject defendant's contention that his sentence of 3 to 6

years was harsh and excessive. Defendant has an extensive criminal record, dating back to 1980, including a prior felony conviction. Hence, his sentence, which was less than the maximum, cannot be said to constitute an abuse of County Court's discretion (*see, People v Parker*, 220 AD2d 815).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.