872

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA R. SYMONS, Appellant. [692 NYS2d 530] —Mikoll, J. P. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 25, 1998, convicting defendant upon his plea of guilty of the crime of criminally negligent homicide.

In October 1997, a passenger in a vehicle driven by defendant sustained fatal injuries when defendant's vehicle failed to yield the right-of-way at an intersection and collided with another vehicle. Defendant, who was 17 years old at the time of the accident, was charged in a two-count indictment with criminally negligent homicide and reckless driving. Following plea negotiations, defendant entered a plea of guilty to the criminally negligent homicide charge in satisfaction of the indictment and he was sentenced to the agreed-upon term of 90 days in jail and five years' probation with certain terms and conditions. County Court denied youthful offender treatment and defendant appeals only from that denial.

We reject the People's contention that defendant failed to preserve the issue. Prior to the entry of his plea, defendant requested that he be granted youthful offender treatment. County Court stated that consideration would be given to such treatment at the time of sentencing and testimony was taken on the issue at sentencing. While defendant failed to preserve any claim that youthful offender treatment was promised as part of the plea, he may challenge County Court's denial of his request for such relief (see, People v Salvagni, 199 AD2d 680).

In support of his claim that County Court erred in denying him youthful offender treatment, defendant points out that he has no criminal history and that he is remorseful to the extent of exhibiting signs of depression. There are, however, no mitigating circumstances, the presentence report recommended incarceration and defendant's reckless conduct caused the death of another person. In addition, defendant received a substantial measure of leniency in the negotiated sentence. In these circumstances, we see no abuse of discretion in County Court's denial of youthful offender treatment (see, People v Manon, 226 AD2d 774, 778, lv denied 88 NY2d 1022; People v Salvagni, supra). We also decline to exercise our discretion to grant such treatment.

Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.