Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Nassau County (Peck, J.), imposed September 22, 2011, upon his convictions of manslaughter in the first degree and reckless endangerment in the first degree, upon his plea of guilty.
Ordered that the sentence is affirmed.
The defendant did not knowingly, voluntarily, and intelligently waive his right to appeal. During the plea colloquy, the trial court advised the defendant: “If you went to trial . . . and lost, you would have the right to appeal this case to a higher Court to determine if any improprieties took place in the trial” (emphasis added) Thus, the court misstated the law by suggesting that a defendant only has the right to appeal if he or she goes to trial, and concomitantly, that the right to appeal is limited to trial errors. Under these circumstances, the defendant’s purported waiver of his right to appeal from his conviction imposed upon his plea of guilty was not valid {cf. People v Hurd, 44 AD3d 791, 792 [2007]; see generally People v Lopez, 6 NY3d 248, 256 [2006]).
Nevertheless, the defendant’s sentence was not excessive {see People v Suitte, 90 AD2d 80 [1982]).
Eng, PJ., Skelos, Roman and Cohen, JJ., concur.