THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MCEACHERN, Appellant. [3 NYS3d 627]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 14, 2013, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

"CPL 720.20 (1) requires 'that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain'" (*People v Ramirez*, 115 AD3d 992, 993 [2014], quoting *People v Rudolph*, 21 NY3d 497, 501 [2013]). Here, as the People correctly concede, the Supreme Court failed to consider whether the defendant should be treated as a youthful offender. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after determining whether the defendant should be adjudicated a youthful offender (*see People v Brooks*, 120 AD3d 1255, 1256 [2014]; *People v Ramirez*, 115 AD3d at 993; *People v Tyler*, 110 AD3d 745 [2013]). We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.

In light of our determination, the defendant's remaining contention has been rendered academic. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.