Appeal by the defendant from a resentence of the Supreme Court, Kings County (Firetog, J.), imposed June 10, 2015, upon his conviction of manslaughter in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v McEachern, 126 AD3d 1010 [2015]).
Ordered that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In May 2013, the defendant was convicted, upon his plea of guilty, of manslaughter in the first degree. On a prior appeal by the defendant, this Court determined that the Supreme Court had failed to consider whether the defendant should be treated as a youthful offender (see People v McEachern, 126 AD3d 1010 [2015]). Therefore, the judgment was modified by vacating the defendant’s sentence, and the matter was remitted to the Supreme Court, Kings County, for resentencing after a determination by that court as to whether the defendant should be adjudicated a youthful offender (see id.).
At resentencing, however, the Supreme Court failed to place on the record any reason for not adjudicating the defendant a youthful offender, and the record does not reflect that the court independently considered youthful offender treatment instead of denying such treatment because it was not part of the plea agreement (see People v Eric P., 135 AD3d 882, 883 [2016]; People v T.E., 131 AD3d 1067, 1068 [2015]; People v Stevens, 127 AD3d 791, 792 [2015]; People v Then, 121 AD3d 1025, 1026 [2014]). CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]; see People v Youmans, 140 AD3d 1097, 1097 [2016]; People v Tyler, 110 AD3d 745, 746 [2013]). “Compliance with CPL 720.20 (1) requires the sentencing court to actually consider and make an independent determination of whether an eligible youth is entitled to youthful offender treatment” (People v Stevens, 127 AD3d at 791-792; see People v Newman, 137 AD3d 1306, 1307 [2016]).
*742 Accordingly, the defendant’s resentence must be reversed and the matter remitted to the Supreme Court, Kings County, for resentencing after a determination as to whether the defendant should be adjudicated a youthful offender. Factors to be considered in determining whether to grant or deny youthful offender status include, inter alia, the gravity and circumstances of the offense, the defendant’s criminal history, recommendations in the presentence report, the defendant’s level of cooperation with the authorities, and his or her prospects for rehabilitation (see People v McPhee, 116 AD3d 714, 715 [2014]; People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]). “The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case” (People v Ortega, 114 AD2d 912, 912 [1985]; see People v Hesterbey, 121 AD3d 1127, 1128 [2014]; People v Mullings, 83 AD3d 871, 872 [2011]). We express no opinion as to whether the court should afford youthful offender status to the defendant.
In light of our determination, the defendant’s remaining contentions have been rendered academic.
Rivera, J.P., Austin, Roman and Connolly, JJ., concur.