People v McEachern (2018 NY Slip Op 05335)





People v McEachern


2018 NY Slip Op 05335


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-01433
 (Ind. No. 1319/12)

[*1]The People of the State of New York, respondent,
v
Eric McEachern, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Neil Jon Firetog, J.), imposed February 7, 2017, upon his conviction of manslaughter in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v McEachern, 145 AD3d 741).
ORDERED that the resentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid because the Supreme Court misstated the law by suggesting that a defendant only has the right to appeal if he or she goes to trial, and concomitantly, that the right to appeal is limited to trial errors (see People v Brown, 122 AD3d 133, 144 n 3; People v Taylor, 105 AD3d 778; People v Foster, 87 AD3d 299, 303). Thus, the purported waiver does not preclude review of the defendant's claim that the court improvidently exercised its discretion in denying him youthful offender treatment. "The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [internal quotation marks omitted]; see People v McEachern, 145 AD3d 741, 742; People v Mullings, 83 AD3d 871, 872). Here, the court providently exercised its discretion in denying the defendant youthful offender treatment (see People v Lopez, 82 AD3d 906, 907; People v Symons, 262 AD2d 872; cf. People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
Inasmuch as the defendant's purported waiver of the right to appeal was invalid, it does not preclude review of his excessive sentence claim. However, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court