People v Irizarry (2022 NY Slip Op 02159)





People v Irizarry


2022 NY Slip Op 02159


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

112533
[*1]The People of the State of New York, Respondent,
v
Jayquan Irizarry, Appellant.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered October 24, 2019, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant was charged in a five-count indictment with robbery in the first degree (two counts) and robbery in the second degree (three counts) stemming from two robberies occurring within a week of each other in 2019. In satisfaction of those charges, defendant pleaded guilty to robbery in the second degree as charged in the second count of the indictment and executed a waiver of appeal. Defendant entered his guilty plea with the understanding that he would be sentenced to a prison term of four years, to be followed by five years of postrelease supervision. At sentencing, defense counsel requested that defendant, who was 17 years old at the time of the crime, be adjudicated a youthful offender. County Court found that defendant was an eligible youth, but denied youthful offender treatment and sentenced him in accordance with the plea agreement. Defendant appeals.
Defendant argues that County Court failed to determine whether to grant him youthful offender treatment in accordance with CPL 720.20 (2) and, as that issue implicates the legality of his sentence and survives an appeal waiver, we need not address his further challenge to the validity of his appeal waiver (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Carter, 191 AD3d 1168, 1170 [2021]). Defendant's challenge to the legality of his sentence has merit, and we therefore vacate the sentence.
County Court found that defendant was an "eligible youth" for purposes of youthful offender status (CPL 720.10 [2], [3]), but determined that youthful offender treatment was "not an option" because the People had indicated during plea bargain negotiations that, if youthful offender status were granted, they would take the plea bargain back. To be sure, the People are free to recommend that youthful offender treatment be denied at sentencing and, "[i]n the unusual situation where a prosecutor is unwilling to take the chance that a judge will disagree with his or her recommendation, that prosecutor may bargain for the right to withdraw consent to the plea agreement if youthful offender treatment is granted" (People v Rudolph, 21 NY3d 497, 502 [2013]). Nevertheless, "[i]t is a settled rule of law in this [s]tate that off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record, either by the existence of some on-the-record promise whose terms are inconsistent with those later urged or by the placement on the record of a statement by the pleading defendant that no other promises have been made to induce his [or her] guilty plea" (Matter of Benjamin S., 55 NY2d 116, 120 [1982]; accord People v Roberts, 293 AD2d 916, 917 [2002]). The plea proceedings here were devoid of any indication that the People conditioned their [*2]consent to the plea agreement upon defendant not receiving youthful offender treatment or that defendant understood such a condition to be part of the agreement, and defendant stated during the plea colloquy that no off-the-record promises had been made to induce his guilty plea. The People further failed to reference their purported right to withdraw consent to the plea agreement when they addressed the question of youthful offender treatment at sentencing. The alleged off-the-record arrangement was unenforceable given those circumstances and, as such, "County Court should not have accorded any weight to" it (People v Roberts, 293 AD2d at 918; see People v Huertas, 85 NY2d 898, 899 [1995]; People v Jahquel L., 112 AD3d 1155, 1156 [2013]).
In any event, as County Court found that defendant was an "eligible youth" for purposes of youthful offender status (CPL 720.10 [2], [3]), the court was obliged to consider the relevant factors and determine whether it would, as a discretionary matter, adjudicate him to be a youthful offender (see CPL 720.20; People v Rudolph, 21 NY3d at 500; People v Jones, 182 AD3d 698, 699-700 [2020]). County Court did not do so and, indeed, made clear that it would not grant youthful offender treatment solely because of its belief that the People were empowered to withdraw their consent to the plea agreement if the court granted such status. County Court accordingly failed to exercise its discretion to determine whether youthful offender status was warranted, and that "failure to exercise discretion at sentencing was error" (People v Farrar, 52 NY2d 302, 305 [1985]; see People v Worrell, 134 AD3d 1137, 1138 [2015]; People v Calkins, 119 AD3d 975, 976 [2014]; People v O'Donnell, 113 AD2d 814, 814 [1985]). The sentence must therefore be vacated and the matter remitted for County Court to make that assessment.
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.