People v St. Lucia (2024 NY Slip Op 06392)

People v St. Lucia

2024 NY Slip Op 06392

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CR-23-0532
[*1]The People of the State of New York, Respondent,
v
Steven St. Lucia, Appellant.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Dreyer Boyajian LLP, Albany (William J. Dreyer of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (William M. Lemon of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Schenectady County (Mark J. Caruso, J.), rendered March 17, 2023, convicting defendant upon his plea of guilty of the crime of health care fraud in the second degree, and (2) from a judgment of said court, rendered March 17, 2023, convicting defendant upon his plea of guilty of the crime of criminal tax fraud in the third degree.
In 2019, defendant, a physician whose medical license was revoked in 2000 for professional misconduct (see Matter of St. Lucia v Novello, 284 AD2d 591 [3d Dept 2001]), was charged in a 26-count indictment (hereinafter the first indictment) with various crimes, including 17 counts of health care fraud in the second degree. The charges stem from defendant's conduct between 2013 and 2018 in providing false information and omitting material information — by concealing the fact that he had been stripped of his medical license and placed on the exclusion list barring him from participating in federal health care programs — using forged prescriptions and submitting bills requesting payment for medical devices and treatment totaling in the hundreds of thousands of dollars to which he was not entitled from a state health insurance provider. In 2020, defendant was further charged by indictment (hereinafter the second indictment) with, among other crimes, criminal tax fraud in the third degree. The second indictment resulted from defendant's failure to report the income and evasion of personal income taxes on the proceeds of his health care fraud.
The indictments were consolidated and, following plea negotiations, the People made a written plea offer. If accepted by defendant, the offer called for him to enter a guilty plea to one count of health care fraud in the second degree (count 2)[FN1] in satisfaction of all charges in the first indictment, as well as one count of criminal tax fraud in the third degree (count 4) in satisfaction of the second indictment, and included a waiver of appeal. The plea offer contemplated a sentence in the range of six months in jail, to be followed by five years of probation, as a sentencing floor, up to 3 to 9 years in prison, with the sentence to be determined by County Court at sentencing following the parties' submission of sentencing memoranda. The plea offer also required defendant to execute a forfeiture agreement and pay restitution to the health insurance provider of $311,390 and to the Department of Taxation and Finance of $39,193.
At the next appearance, the People set forth the terms of the plea agreement on the record consistent with the written plea offer. County Court reiterated the terms of the plea agreement, making clear that the agreement reposed in the court the final determination as to the appropriate sentence within the range set forth in it. Defendant accepted the plea offer and pleaded guilty, as contemplated, to health care fraud in the second degree and criminal tax fraud in the third degree in satisfaction of both indictments [*2]and executed a written waiver of appeal as to all charges. The parties submitted sentencing memoranda and, at sentencing, the court reiterated the sentence range. After hearing the parties' arguments regarding an appropriate sentence, the court imposed concurrent prison terms of 2 to 6 years on each conviction and ordered restitution. Defendant appeals.
We affirm. Defendant contends that his plea was involuntary in that it was induced by an unfulfilled promise that he would receive the minimum contemplated sentence, a contention that survives his unchallenged waiver of appeal (see People v Chan, 214 AD3d 1071, 1072 [3d Dept 2023], lv denied 40 NY3d 927 [2023]; People v West, 189 AD3d 1822, 1823 [3d Dept 2020], lv dismissed 37 NY3d 975 [2021], lv denied 37 NY3d 1149 [2021]). The contention is nevertheless unpreserved for our review because defendant did not make a postallocution motion to withdraw his guilty plea on that ground and never raised this issue in his sentencing memorandum, which accurately recited the promised sentence range, prior to the imposition of sentence (see People v Demonia, 210 AD3d 1140, 1141 [3d Dept 2022], lv denied 40 NY3d 928 [2023]).
We further note that corrective action on this issue in the interest of justice is not warranted. Although "[a] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks and citations omitted], cert denied 573 US 908 [2014]; see People v Regan, 199 AD3d 1067, 1068 [3d Dept 2021]), "off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record, either by the existence of some on-the-record promise whose terms are inconsistent with those later urged or by the placement on the record of a statement by the pleading defendant that no other promises have been made to induce his or her guilty plea" (People v Irizzary, 203 AD3d 1471, 1472 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]). Defendant agreed during the plea colloquy that no promises beyond those set forth in the plea agreement had induced him to plead guilty and that he understood that "sentencing [was] up to the court" within the agreed-upon sentencing range. Defendant further confirmed that he recalled pleading guilty under the terms of that agreement, including the promised sentencing range, when County Court reiterated its terms at the outset of the sentencing proceeding, and neither defendant nor defense counsel suggested that there had been any other promises made regarding sentencing. Moreover, once County Court did impose sentence and defense counsel referred to a preplea, off-the-record discussion in which the court indicated that it was considering imposing a split sentence of local jail time and probation, County Court responded that it had only suggested that the plea agreement include that possibility as a floor, and the agreement [*3]that defendant ultimately entered into involved "a floor and ceiling" which the court honored in imposing sentence. The record confirms that defendant understood that state of affairs when he pleaded guilty, and his contention that County Court did not fully honor the plea agreement is therefore contradicted by the record and meritless (see People v Elie, 231 AD3d 1200, 1202 [3d Dept 2024]; People v Irizzary, 203 AD3d at 1472; People v Cheney, 160 AD3d 1281, 1283-1284 [3d Dept 2018], lv denied 31 NY3d 1146 [2018]).
Defendant's challenge to County Court's ruling consolidating the indictments is precluded by his unchallenged waiver of appeal (see People v Morelli, 46 AD3d 1215, 1217 [3d Dept 2007], lv denied 10 NY3d 814 [2008]) and his valid guilty plea (see People v Reid, 213 AD3d 501, 502 [1st Dept 2023]; People v Griffin, 204 AD3d 1385, 1386 [4th Dept 2022]; see also People v Hansen, 95 NY2d 227, 230-231 [2000]). Likewise, defendant's contention that the decision of Supreme Court (Hogan, J.) disqualifying his original defense counsel was an abuse of discretion, as well as a violation of his right to be represented by counsel of his choice, is precluded by his appeal waiver (see People v Triplett, 149 AD3d 1592, 1592-1593 [4th Dept 2017], lv denied 29 NY3d 1095 [2017]; People v Whitfield, 52 AD3d 748, 748 [2d Dept 2008], lv denied 11 NY3d 858 [2008]; People v Segrue, 274 AD2d 671, 672 [3d Dept 2000], lv denied 95 NY2d 908 [2000]), as he does not allege that it implicated the voluntariness of his guilty plea (see People v Richardson, 173 AD3d 1859, 1860 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; cf. People v Robbins, 33 AD3d 1127, 1128 [3d Dept 2006]).
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the judgments are affirmed, and matter remitted to the County Court of Schenectady County for further proceedings pursuant to CPL 460.50 (5).

Footnotes

Footnote 1: Although the People's plea letter stated that it was count 11 of the first indictment to which defendant would be required to enter a guilty plea, during the plea proceedings the parties agreed that this was incorrect and that the agreement contemplated a plea to the same crime as charged in count 2 of that indictment.