OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In satisfaction of three separate indictments, appellant pleaded guilty to four counts of robbery in the first degree (Penal Law § 160.15 [4]), after admitting to forcibly stealing property from four taxi cab drivers while displaying what appeared to be a weapon. On appeal, he seeks to vacate the plea, asserting that the trial court erred by failing to inquire at the guilty plea allocution whether defendant possessed a loaded, operable weapon. Defendant claims this obligation of the court was triggered by defendant’s statement, "I don’t carry weapons.”
 

 Defendant did not raise with the trial court the issue of the invalidity of the plea based on an alleged colloquy flaw or failure of the court to follow up. No motion to withdraw the plea pursuant to CPL 220.60 (3) or motion to vacate the judgment of conviction pursuant to CPL 440.10 was made.
 

 We conclude that defendant’s utterances overall in this case did not engender "significant doubt” on the voluntariness of his plea. His plea allocution does not qualify for the narrow, "rare case” exception to the preservation doctrine described in
 
 People v Lopez
 
 (71 NY2d 662, 666). Accordingly, appellant’s claim on appeal was properly rejected by the Appellate Division and its order upholding the plea and conviction should be affirmed
 
 (see,
 
 CPL 470.05 [2];
 
 People v Johnson,
 
 82 NY2d 683, 685).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.