■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BELL, Appellant. [665 NYS2d 867] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered November 17, 1994, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree, and sentencing him to consecutive terms of 3 to 9 years and 2 to 6 years, respectively, unanimously affirmed.

Defendant's challenges to his plea are unpreserved, since the issues raised by defendant were not raised in his motion to withdraw his plea, and we decline to review them in the interest of justice (*see, People v Mackey*, 77 NY2d 846). In any event, defendant's claim that the court was required to accept his initial offer to plead guilty to the top count of one indictment and allow him to proceed to trial on the second indictment is without merit, since the right to plead guilty to an entire indictment without the permission of the court and consent of the People requires a plea to all counts including concurrent counts (CPL 220.10 [2], [3], [4]).

Defendant's initial denial that he displayed what appeared to be a pistol did not engender " 'significant doubt' " upon the voluntariness of his plea, particularly given his subsequent admission once the court explained the element (*People v Toxey*, 86 NY2d 725, 726).

The nature and extent of the opportunity given defendant to advance his motion to withdraw his plea met the required procedural standard (*see, People v Tinsley*, 35 NY2d 926). Furthermore, the minutes of the plea belie defendant's conclusory claims that he pleaded guilty because he was under stress and confused (*see, People v Cruz*, 239 AD2d 159).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.