THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE GRIFFIN, Appellant. [672 NYS2d 795] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered June 19, 1996, convicting him of burglary in the third degree (seven counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, who pleaded guilty to seven counts of burglary in the third degree in return for a promise that his total aggregate sentence would not exceed 7½ to 15 years imprisonment, argues that his plea was not knowingly and voluntarily entered because the court failed to inform him that "the aggregate maximum term of consecutive sentences" was 20 years imprisonment (Penal Law § 70.30 [1] [e] [i]). However, because he did not move to withdraw his plea of guilty (*see,* CPL 220.60 [3]) or move to vacate the judgment of conviction after sentence (*see,* CPL 440.10), this issue is not preserved for appellate review (*see, People v Toxey,* 86 NY2d 725, 726; *People v Dunkins,* 231 AD2d 587, 588; *People v Parnell,* 228 AD2d 622). In addition, this is not one of those "rare case[s]" in which the defendant's recitation of the facts underlying the crime calls into question the voluntariness of the plea, thereby allowing this Court to address the voluntariness of the plea on direct appeal in the absence of such a motion (*People v Lopez,* 71 NY2d 662, 666).

The defendant waived his right to challenge the excessiveness of his sentence (*see, People v Seaberg,* 74 NY2d 1; *People v Allen,* 82 NY2d 761, 763). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.