■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CASTRO, Appellant. [693 NYS2d 10] —Judgment, Supreme Court, New York County (Laura Drager, J.), rendered July 2, 1997, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 7 years to life, unanimously affirmed.

The record fails to support defendant's current claim of ineffective assistance of counsel in connection with the entry of the guilty plea. Rather, the existing record reveals that there was no question of defendant's status as a second felony offender; that such status was considered in connection with the negotiated sentence; and that defendant acknowledged on several occasions that he had discussed with his counsel the terms of the plea agreement, including the promised sentence. Since the negotiated sentence was favorable, and was imposed as agreed, there is no basis for defendant's current claim that his counsel failed to provide meaningful representation in this regard (see, People v Ford, 86 NY2d 397, 404; People v Baldi, 54 NY2d 137, 147).

Defendant's challenge to the voluntariness of his plea is unpreserved because of his failure to move to either withdraw the plea or to vacate the judgment pursuant to CPL 440.10 (see, People v Toxey, 86 NY2d 725), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's current plea was entered knowingly, intelligently, and voluntarily, as evidenced by defendant's statements during the plea allocution acknowledging his guilt and his understanding of the terms of the plea agreement. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.