■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PARIANTE, Also Known as JOSEPH TROPIANO, Appellant. [726 NYS2d 405] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered May 27, 1998, convicting defendant, upon his plea of guilty, of six counts of robbery in the first degree and two counts of attempted robbery in the first degree, and sentencing him to six concurrent terms of 12 1/2 to 25 years concurrent with two concurrent terms of 7 1/2 to 15 years, unanimously reversed, as a matter of discretion and in the interest of justice, the plea vacated, and the matter remanded for further proceedings.

Defendant was charged in an indictment with robbing several hair salons between November 8 and December 1, 1997, and displaying what appeared to be a gun. On May 7, 1998, he pleaded guilty to six counts of first-degree robbery and two counts of first-degree attempted robbery in full satisfaction of the indictment.

In the plea allocution, defendant described the same scenario for each incident. He admitted to robbing the hair salon with a rolled up newspaper simulating a gun. In two of the incidents he admitted to placing a pipe inside the newspaper. When the plea judge asked defendant if he displayed a gun, he answered "No, I didn't display a pistol." After several factual allocutions in this manner, the court was prompted to admonish the defendant, "You have to admit the elements of the crime. If you didn't commit the crime," to which defendant responded, "I did commit the crime. I'm admitting them but I'm not admitting I had a gun." The court then conducted a full procedural allocu-

tion of defendant and accepted the plea. On the sentencing date, defendant attempted to withdraw his plea on grounds unrelated to the issues herein. Sentence was imposed.

For the first time on appeal, defendant argues that the plea should be vacated and the case remanded where the plea court failed to make further inquiry as to whether his plea was knowing and voluntary when he raised an affirmative defense to first- degree robbery by stating that on each occasion he had a newspaper rather than a gun. We agree.

The trial court's duty to inquire is triggered where the defendant's recitation of the facts underlying the crime casts significant doubt upon his guilt or on the voluntariness of his plea (*People v Lopez*, 71 NY2d 662). In the plea allocution, defendant stated that he used a rolled up newspaper simulating a gun. Pursuant to Penal Law § 160.15 (4), where the theory of robbery in the first degree is that defendant "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm," there is an affirmative defense if "such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged." The record demonstrates that defendant raised this affirmative defense and the plea court improperly failed to make inquiry whether he was aware of it and was knowingly waiving the affirmative defense. Defendant's identical factual recitation on each count was more than sufficient to cast significant doubt upon and call into question his understanding of the plea (*cf.*, *People v Toxey*, 86 NY2d 725). Accordingly, vacatur of the plea is warranted in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.