■ The People of the State of New York, Respondent, v Felix Hernandez, Appellant. [769 NYS2d 892]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 21, 2002, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to a term of five years probation, unanimously affirmed.

Since defendant did not move to withdraw his plea, and since there is nothing in his plea allocution that would cast doubt on his guilt or on the voluntariness of his plea (*see People v Toxey*, 86 NY2d 725 [1995]), the court was under no obligation to conduct a sua sponte inquiry into the remarks defendant made at sentencing (*see e.g. People v Toussaint*, 294 AD2d 129 [2002], *lv denied* 98 NY2d 732 [2002]). Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.

■ The People of the State of New York, Respondent, v Julio Mota, Appellant. [769 NYS2d 893]—

Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 7, 1999, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 3 to 6 years, unanimously affirmed.

Defendant did not preserve his argument that the court should not have imposed sentence without having received a report of the psychiatric, psychological and intelligence testing it had ordered in aid of sentencing, and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was not prejudiced because he received the minimum lawful sentence and because nothing in the record casts any doubt on his mental competence. Defendant's plea was knowing, intelligent and voluntary (*see People v Harris*, 61 NY2d 9 [1983]). Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.