■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAMED DOUMBIA, Also Known as AMED DOUMBIA, Appellant. [844 NYS2d 874]—Judgments, Supreme Court, New York County

(Bruce Allen, J.), rendered January 11, 2005, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the fourth degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

Defendant's unpreserved challenges to the validity of his pleas do not come within the narrow exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Lopez*, 71 NY2d 662 [1988]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that since defendant expressly stated that he spoke and understood English at the first plea proceeding, and indeed demonstrated that fact, there was no reason to provide an interpreter at any of the plea and sentencing proceedings, even though the court provided an interpreter at defendant's request at the second plea proceeding (*see People v Montano*, 25 AD3d 323 [2006], *lv denied* 6 NY3d 851 [2006]). The record also refutes defendant's assertion that the court misinformed him about the immigration consequences of his plea (*see* CPL 220.50 [7]; *Zhang v United States*, 506 F3d 162 [2d Cir 2007]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.