■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED YEARWOOD, Appellant. [846 NYS2d 619]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered June 1, 2005, convicting him of rape in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty should be vacated on the ground that it was unknowing and involuntary because the Supreme Court failed to advise him that even if he was convicted after trial of all counts in the indictment and received consecutive sentences, the aggregate maximum term of the consecutive sentences was capped by operation of law at 20 years (*see* Penal Law § 70.30 [1] [e]). However, this claim is unpreserved for appellate review as the defendant did not seek to withdraw his plea before sentencing pursuant to CPL 220.60 (3) (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Griffin*, 250 AD2d 862 [1998]). In any event, the defendant's contention is without merit since he had decided to plead guilty prior to the court's discussion of possible consecutive sentences after trial, such that there is "no reasonable possibility" that the court's failure to mention Penal Law § 70.30 (1) (e) contributed to the defendant's decision to accept the favorable plea offer (*see People v Zackery*, 251 AD2d 212, 213 [1998]). Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.