■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORRELL STONE, Appellant. [937 NYS2d 630]

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (see CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]). Moreover, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*People v Lopez*, 71 NY2d 662, 666 [1988]; see *People v Young*, 88 AD3d 918 [2011]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty (see *People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Fooks*, 21 NY2d 338, 350 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WATERS, Appellant. [937 NYS2d 620]

The defendant's argument that his constitutional right to a jury in whose selection he had a voice was violated when the trial court discharged a juror who had plans to travel in the future but was not immediately unavailable (see CPL 270.15 [3]) is unpreserved for appellate review because he failed to raise this specific argument at trial (see *People v Wells*, 15 NY3d 927, 928 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]; *People v Person*, 8 NY3d 973, 974 [2007]; *People v Graves*, 85 NY2d 1024, 1026-1027 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.