# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**279**

**KA 09-02650**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MANUEL CUBI, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 3, 2009. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that the plea colloquy cast significant doubt on the voluntariness of his plea and that it was factually insufficient because he failed to admit that he intended to kill the victim and thus that the rare exception to the preservation doctrine applies. We reject that contention (*see People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 666; *see generally People v McNair*, 13 NY3d 821, 822).

By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contentions that the plea allocution was factually insufficient (*see Lopez*, 71 NY2d at 665), and that the plea was not knowingly and voluntarily entered (*see People v Bloom*, 96 AD3d 1406, 1406, *lv denied* 19 NY3d 1024). In any event, we conclude that defendant's contentions are without merit. With respect to the factual sufficiency of the plea allocution, we note that defendant explained to Supreme Court that he heard an argument involving the victim and defendant's mother and that he therefore retrieved a sawed-off shot gun that was hidden under a dumpster. Defendant approached the scene and heard the victim curse at his mother. When the victim looked at defendant, defendant shot him in the chest from a distance of 9 to 11 feet. We thus conclude that the plea allocution was factually sufficient. Although

defendant did not admit that he intended to kill the victim, it is well established that "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime . . . It is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (*People v Goldstein*, 12 NY3d 295, 301). We further conclude that the plea was knowingly and voluntarily entered inasmuch as the record establishes that the 16-year-old defendant understood the consequences of his plea of guilty and that he was pleading guilty in exchange for a negotiated sentence that was less than the maximum term of imprisonment (*see generally People v Harris*, 61 NY2d 9, 19). The sentence is not unduly harsh or severe.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court