■ The People of the State of New York, Respondent, v Devon Barrett, Appellant. [962 NYS2d 673]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered April 26, 2011, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the People's contention, under the particular facts of this case, the defendant's purported waiver of his right

to appeal was invalid (*see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Bradshaw*, 18 NY3d 257 [2011]; *People v Lopez*, 6 NY3d 248 [2006]; *People v Vasquez*, 101 AD3d 1054 [2012]; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Remington*, 90 AD3d 678, 679 [2011]; *People v Mayo*, 77 AD3d 683, 684 [2010]).

However, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Stone*, 91 AD3d 977, 977 [2012]). Moreover, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Stone*, 91 AD3d at 977; *People v Young*, 88 AD3d 918, 918 [2011]). In any event, the plea allocution was sufficient since "the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (*People v Goldstein*, 12 NY3d 295, 301 [2009]).

Contrary to the defendant's contention, the Supreme Court did not fail to adequately set forth "its fact-findings, legal conclusions, and reasons for its determination" when it denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials (*People v Jeffreys*, 284 AD2d 550, 550 [2001]; *see* CPL 710.60 [6]). Furthermore, a review of the totality of the circumstances demonstrates that the defendant's statements to the police, which were given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [1]; *People v Taylor*, 98 AD3d 593, 593 [2012], *lv granted* 20 NY3d 1065 [2013]; *People v Nimmons*, 95 AD3d 1360, 1360 [2012]).

As the People correctly contend, to the extent that the defendant's claim of ineffective assistance of counsel does not directly involve the plea-bargaining process, it was forfeited upon his plea of guilty (*see People v Opoku*, 61 AD3d 705, 705 [2009]; *People v DeLuca*, 45 AD3d 777, 777 [2007]). To the extent that the defendant is claiming that ineffective assistance of counsel rendered his plea involuntary, his contention is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (*see People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *People v DeLuca*, 45 AD3d at 777). It is not evident from the matter appearing on the record that the defendant was

deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance, to the extent that it has not been forfeited by his plea of guilty, cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The Supreme Court providently exercised its discretion in denying the defendant's request for youthful offender treatment (*see* CPL 720.20 [1]; *People v Santiago*, 101 AD3d 1155, 1155 [2012]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.