■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS NILSEN, Appellant. [979 NYS2d 668]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered October 17, 2012, convicting him of robbery in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

Contrary to the defendant's contention, the County Court did not improperly delegate the appeal waiver allocution to the prosecutor (*see People v Fowler*, 111 AD3d 958 [2013]; *People v Bethune*, 91 AD3d 966, 966-967 [2012]). Nevertheless, the defendant's purported waiver of the right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]), and thus does not preclude review of the defendant's contentions on appeal.

However, the defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Barrett*, 105 AD3d 862, 863 [2013]). Moreover, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d at 666; *see People v Barrett*, 105 AD3d at 863). In any event, the plea allocution was factually sufficient (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Seeber*, 4 NY3d 780, 781 [2005]).

As the People correctly concede, they failed to file a predicate felony statement before sentence was imposed as required by CPL 400.21 (2), and this error was not harmless (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Tatta*, 177 AD2d 674, 675 [1991]). Accordingly, we vacate the sentence imposed,

and remit the matter to the County Court, Suffolk County, for resentencing. We note that the plea minutes in this case do not indicate that the plea of guilty was negotiated with terms that included restitution. Rivera, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.