■ The People of the State of New York, Respondent, v Lorenzo Kelly, Appellant. [55 NYS3d 445]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered September 18, 2014, convicting him of aggravated driving while intoxicated, driving while intoxicated per se, driving while intoxicated, driving while ability impaired by the combined influence of drugs and alcohol, driving while ability impaired by drugs, aggravated vehicular assault (two counts), vehicular assault in the first degree (two counts), vehicular assault in the second degree (two counts), assault in the first degree (two counts), assault in the second degree (two counts), assault in the third degree, reckless endangerment in the first degree, reckless driving, leaving the scene of an incident without reporting (two counts), aggravated unlicensed operation of a motor vehicle in the first degree (two counts), and aggravated unlicensed operation of a motor vehicle in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to suppress the results of a blood test and to controvert a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his omnibus motion which was to suppress the results of a blood test, since the defendant failed to provide a sufficient legal basis for suppression (*see* CPL 710.60 [3] [a]; *People v Garcia*, 57 AD3d 918,

919 [2008]). The court also properly denied, without a hearing, that branch of the defendant's omnibus motion which was to controvert a search warrant issued by the court, as the defendant failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally, or with reckless disregard for the truth (*see People v Moshier*, 110 AD3d 832, 833 [2013]; *People v McGeachy*, 74 AD3d 989, 990 [2010]; *People v Rhodes*, 49 AD3d 668, 669 [2008]; *People v Tordella*, 37 AD3d 500 [2007]).

The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Rampersaud*, 121 AD3d 721, 722 [2014]; *People v Davis*, 114 AD3d 697, 698 [2014], *affd* 24 NY3d 1012 [2014]; *People v Barrett*, 105 AD3d 862, 863 [2013]; *People v Cubi*, 104 AD3d 1225, 1226 [2013]). Contrary to the defendant's contention, the exception to the preservation requirement does not apply in this case, because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666; *People v Rampersaud*, 121 AD3d at 722; *People v Davis*, 114 AD3d at 698; *People v Barrett*, 105 AD3d at 863; *People v Cubi*, 104 AD3d at 1226). In any event, the plea allocution was sufficient inasmuch as it showed that the defendant understood the charges and made an intelligent decision to accept the plea (*see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Rampersaud*, 121 AD3d at 722; *People v Davis*, 114 AD3d at 698; *People v Barrett*, 105 AD3d at 863; *People v Cubi*, 104 AD3d at 1226).

By pleading guilty, the defendant forfeited his contention regarding the sufficiency of the evidence before the grand jury (*see People v Woods*, 115 AD3d 997, 998 [2014]; *People v Devodier*, 102 AD3d 884, 885 [2013]; *People v Skya*, 43 AD3d 1190 [2007]; *People v Wager*, 34 AD3d 505, 506 [2006]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.