■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CINTRON, Appellant. [65 NYS3d 139]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered January 21, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously reversed, on the law, the plea vacated and the matter remanded for further proceedings. Appeal from judgment, same court (Edward J. McLaughlin, J.), rendered May 5, 2015, convicting defendant, after a nonjury trial, of criminal facilitation in the fourth degree, and sentencing him to time served, held in abeyance, and the matter remanded for further proceedings on defendant's speedy trial motion.

Defendant is entitled to vacatur of his guilty plea because the court did not make any inquiry to ensure that the plea was knowing and voluntary, even though defendant had made statements casting significant doubt upon his guilt and calling into

question his understanding of the nature of the charges against him (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Pariante*, 283 AD2d 345 [1st Dept 2001]). Among other things, immediately before the plea allocution, defendant said he "never possessed anything," and the court's subsequent questions did not clarify that defendant understood the charges and was retracting the claim of innocence he had just made. We find it unnecessary to reach defendant's other challenges to the plea.

With regard to the conviction after trial, defendant challenges the denial of his speedy trial motion. While we find that defendant's affidavit sufficiently satisfied his initial burden (*see People v Goode*, 87 NY2d 1045, 1047 [1996]), the record is unclear as to whether the People satisfied their burden in response, or merely raised issues of fact requiring a hearing (*see* CPL 210.45; *People v Santos*, 68 NY2d 859, 861 [1986]). Contrary to defendant's contention, the record indicates that the People responded to the motion. The court, without reviewing the People's submissions, denied the motion, improperly relying only on its "notes" and "recollection" (*see People v Berkowitz*, 50 NY2d 333, 349 [1980]). Accordingly, we hold the appeal in abeyance and remand the matter for further proceedings on the motion. At this stage of the appeal, we do not address defendant's remaining challenges to the trial conviction. Concur—Acosta, P.J., Tom, Webber, Gesmer and Singh, JJ.