People v Roundtree (2018 NY Slip Op 01647)





People v Roundtree


2018 NY Slip Op 01647


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5997 2670N/13

[*1]The People of the State of New York, Respondent,
v
Juel Roundtree, Defendant-Appellant.


Galluzzo & Johnson LLP, New York (Zachary H. Johnson of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered February 24, 2014, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender, to a term of one year, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea does not come within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 665-666 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. The plea allocution establishes the voluntariness of the plea and contains nothing that casts any doubt on defendant's guilt (see People v Toxey , 86 NY2d 725 [1995]). When defendant made a remark that could be viewed as negating an element of the crime, the court asked a clarifying question, and defendant's response established the validity of the plea.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK