People v Welch (2018 NY Slip Op 05612)





People v Welch


2018 NY Slip Op 05612


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04603
 (Ind. No. 5838/15)

[*1]The People of the State of New York, respondent,
v
Cleveland Welch, appellant.


The Legal Aid Society, New York, NY (Heidi Bota of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered March 30, 2016, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record of the plea proceeding does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248). The Supreme Court failed to confirm that the defendant understood the nature of the right to appeal and the consequences of waiving it (see People v Brown, 122 AD3d 133, 142). Although there is a written waiver of the right to appeal signed by the defendant in the record, there is no mention of it in the transcript of the plea proceeding, and thus, the court failed to ascertain on the record whether the defendant had read the waiver or whether he was aware of its contents (see People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Thus, contrary to the People's contention, the purported appeal waiver does not preclude the defendant from challenging his conviction and sentence (see People v Worrell, 158 AD3d 828). However, the defendant's challenge to the sufficiency of the plea allocution is unpreserved for appellate review (see People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665; People v Kelly, 151 AD3d 751, 752). In any event, the plea allocution was sufficient inasmuch as it showed that the defendant understood the charges and made an intelligent decision to accept the plea (see People v Goldstein, 12 NY3d 295, 301). Contrary to the defendant's contention, it was not necessary that he provide a factual exposition for each element of the offense to which he entered a plea of guilty (see People v Seeber, 4 NY3d 780, 781; People v Fooks, 21 NY2d 338, 347).
Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court