People v Harley (2018 NY Slip Op 08505)





People v Harley


2018 NY Slip Op 08505


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-09120
2016-09703
2016-09704

[*1]The People of the State of New York, respondent,
v
Kevin Harley, appellant. (Ind. Nos. 9236/14, 9237/14, 9239/14)


Carol Kahn, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Kings County (Danny K. Chun, J.), all rendered April 13, 2016, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 9236/14, conspiracy in the second degree under Indictment No. 9237/14, and conspiracy in the second degree under Indictment No. 9239/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's challenge to the factual sufficiency of the plea allocutions to conspiracy in the second degree is unpreserved for appellate review (see CPL 220.60[3], 440.10; People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665). In any event, the factual allocutions were sufficient to support his pleas of guilty to conspiracy in the second degree (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court