People v Sanford (2019 NY Slip Op 03111)





People v Sanford


2019 NY Slip Op 03111


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109715

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSHUA M. SANFORD, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Henry C. Meier, Delmar, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Eliese R. Herzl-Betz of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered August 14, 2017, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree.
In connection with an incident in which defendant entered a residence in violation of an order of protection issued by the Elmira City Court in 2015, defendant was charged by indictment with criminal contempt in the first degree. Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of criminal contempt in the second degree, a misdemeanor, in satisfaction of the indictment. Consistent with the agreement, County Court imposed a one-year jail term and issued an order of protection in favor of the victim. Defendant appeals.
Defendant argues that his guilty plea was not knowing, voluntary and intelligent on the ground that he did not fully understand that a final order of protection would be issued as a part of the plea agreement. However, this claim is unpreserved for our review, as defendant did not at any point object to the issuance of a final order of protection or move to withdraw his guilty plea prior to the imposition of sentence (see People v Williams, 27 NY3d 212, 214, 219-220 [2016]; People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Clark, 155 AD3d 1184, 1185 [2017]). Moreover, defendant was advised three times during the plea proceeding that a final order of protection was a condition of the plea agreement, which the People reiterated twice at the outset of the sentencing proceeding when they presented the order to the court to be executed. Thus, defendant had every opportunity to seek clarification of this matter or object to this condition, but failed to do so (see People v Williams, 27 NY3d at 221-223; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied ___ US ___, 135 S Ct 90 [2014]).
In addition, the People confirmed at sentencing that the victim wanted the order of protection and, when defense counsel requested an inquiry of the victim, County Court made it unequivocally clear that it was issuing the final order of protection consistent with the terms of the plea agreement. Contrary to defendant's claim, although the court indicated that it would entertain a postsentencing request to modify the final order of protection (see CPL 530.12 [15]), the court's remarks did not obfuscate the finality of the order of protection that it was issuing or make any representation suggesting that the court would lift or modify the final order of protection so as to induce defendant to proceed with sentencing. Moreover, the record reflects that defendant was aware that the order of protection would be issued in favor of the victim of the crime to which he was pleading guilty, who was also the protected person in the 2015 final order of protection that he admitted violating. Defendant does not challenge the lawfulness of the terms of the order of protection (cf. People v Surdis, 160 AD3d 1305, 1306 [2018], lv denied 32 NY3d 941 [2018]; People v Clark, 155 AD3d at 1185-1186).
Finally, an order of protection issued incident to a criminal action is not punitive and is not a component of a sentence but, rather, "is an ameliorative measure intended to safeguard the rights of the victims and witnesses" (People v Nieves, 2 NY3d at 316). As such, an order of protection and its terms are not a direct consequence of a guilty plea of which a defendant must be advised (see People v Harnett, 16 NY3d 200, 205-206 [2011]; People v Gravino, 14 NY3d 546, 553-559 [2010]; cf. People Catu, 4 NY3d 242, 244 [2005]). Nor are we persuaded that the terms of an order of protection, "although collateral for purposes of due process," are of "such great importance" as to fall within the "rare" exception requiring that they be disclosed during the plea allocution (People v Gravino, 14 NY3d at 559; accord People v Harnett, 16 NY3d at 207; cf. People v Peque, 22 NY3d at 184-185). Defendant's challenge to the agreed-upon sentence as harsh and excessive is moot as it appears that he has completed serving the sentence (see People v Burks, 163 AD3d 1268, 1268 [2018]), and his remaining claims have been examined and determined to lack merit.
Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.