People v Sandford (2019 NY Slip Op 04423)





People v Sandford


2019 NY Slip Op 04423


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2011-03110
 (Ind. No. 90/10)

[*1]The People of the State of New York, respondent,
v
James Sandford III, appellant. Gary E. Eisenberg, New City, NY, for appellant.


William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered March 22, 2011, convicting him of aggravated criminal contempt, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant's house. The police were presented with an emergency situation that justified a warrantless entry into the house (see People v Rossi, 99 AD3d 947, 949, affd 24 NY3d 968; People v Rodriguez, 77 AD3d 280, 288-289).
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (see CPL 470.05[2]; People v Toxey, 86 NY2d 725, 726; People v Jackson, 111 AD3d 960, 961). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666; People v Barrett, 105 AD3d 862, 863). In any event, the facts the defendant admitted during his plea allocution were sufficient to establish the elements of the crime of aggravated criminal contempt (see Penal Law § 215.52[1]).
The defendant's remaining contention is without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court