People v Blanco (2019 NY Slip Op 06786)





People v Blanco


2019 NY Slip Op 06786


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2017-11269
2018-12858
 (Ind. No. 7929/14) (Ind. No. 3365/14)

[*1]The People of the State of New York, respondent,
v
Luis Blanco, appellant. (Matter No. 1)
The People, etc., respondent,Luis Blanco, also known as King Humble, also known as Humble Willcutyou, appellant. (Matter No. 2)


Craig S. Leeds, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Danny K. Chun, J.), both rendered May 31, 2016, convicting him of attempted murder in the second degree under Indictment No. 3365/14, and attempted murder in the second degree under Indictment No. 7929/14, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his pleas of guilty were not knowing, voluntary, and intelligent. However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his pleas or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Ramos, 164 AD3d 922; People v Narbonne, 131 AD3d 626, 627). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his pleas (see People v Lopez, 71 NY2d 662, 666; People v Ramos, 164 AD3d at 922-923; People v Stone, 91 AD3d 977). In any event, the record demonstrates that the defendant's pleas were knowingly, intelligently, and voluntarily entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d [*2]1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court