People v Sayles (2020 NY Slip Op 01648)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Sayles

2020 NY Slip Op 01648

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2019-01075
(Ind. No. 7673/15)

[*1]The People of the State of New York, respondent,
vRonald Sayles, appellant.

Roger Bennet Adler, P.C., New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered December 7, 2018, convicting him of petit larceny, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and his late father were the original owners of property located in Brooklyn. Penny Ferone disputed the ownership of the property in an action alleging adverse possession. After several years of litigation, on October 29, 2008, the parties in the adverse possession action, including the defendant and Ferone, entered into a stipulation in which they agreed that the property would be sold and Ferone would receive 40% of the net proceeds from the sale. In August 2012, the defendant sold the property for $450,000. Based upon the net proceeds from the sale, Ferone was entitled to $155,748. The defendant did not inform Ferone of the sale, had the proceeds wired into an out-of-state bank account under his control, and thereafter disbursed the funds into other accounts that he controlled.
In March 2013, Ferone discovered that the property had been sold and demanded payment, but the defendant did not pay her. The defendant claimed that he withheld payment until he could confirm whether part of the property had been foreclosed upon due to the failure of Ferone's deceased husband to pay taxes thereon as agreed. After learning that he was being investigated by the Kings County District Attorney's Office, the defendant commenced an action against Ferone alleging, inter alia, fraud and seeking rescission of the October 29, 2008, stipulation.
The defendant was subsequently charged, inter alia, with grand larceny in the second degree. After a nonjury trial, the Supreme Court acquitted the defendant of grand larceny in the second degree and found him guilty of the lesser included offense of petit larceny. The defendant was sentenced to a conditional discharge upon the condition, inter alia, that he transfer $155,748 into his counsel's IOLA account pending determination of the action he commenced against Ferone.
The defendant's contention that his conviction of petit larceny was based on legally insufficient evidence is largely unpreserved for appellate review (see People v Corchado, 175 AD3d [*2]705; People v Waters, 91 AD3d 977). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant waived his challenge to the consideration of petit larceny as a lesser included offense of grand larceny in the second degree because he raised no objection prior to deliberation (see People v McGeachy, 74 AD3d 989; People v Mullins, 13 AD3d 397).
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court