People v Cruz (2021 NY Slip Op 02764)





People v Cruz


2021 NY Slip Op 02764


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Ind No. 3012/18 Appeal No. 13743 Case No. 2019-3463 

[*1]The People of the State of New York, Respondent,
v
Luis Cruz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis J. Farber, J. at plea; Steven M. Statsinger, J. at sentencing), rendered March 14, 2019, convicting defendant of robbery in the second degree, and sentencing him to a term of 3½ years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of waiving the mandatory surcharge and crime victim assistance fee, and otherwise affirmed.
Defendant's challenge to his plea does not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375 [2015]; People v Lopez, 71 NY2d 662, 665 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternate holding, we find no basis for reversal. At the outset of the factual portion of the plea allocution, defendant expressly admitted all the elements of the crime, including force, and nothing in the remaining allocution suggested that the victim's property was taken without the use of any kind of force by either defendant or his accomplice (see People v Toxey, 86 NY2d 725 [1995]). The Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [2005] [citation omitted]).
Defendant made a valid waiver of his right to appeal. Regardless of whether defendant validly waived his right to appeal, we perceive no basis to reduce the five-year period of postrelease supervision.
Based on the People's consent as a matter of prosecutorial discretion, and pursuant to our own interest of justice powers, we waive the surcharge and fees imposed upon defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021