People v Molina (2022 NY Slip Op 01042)





People v Molina


2022 NY Slip Op 01042


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-11502
 (Ind. No. 18-00038)

[*1]The People of the State of New York, respondent,
v
David Molina, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered October 30, 2018, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, intelligent, and voluntary because the County Court did not inquire further at the plea allocution as to whether the defendant was aware of the possibility of the existence of an affirmative defense to the crime of robbery in the first degree (Penal Law § 160.15[4]). This contention is unpreserved for appellate review since the defendant did not move to withdraw his plea or otherwise raise the issue before the court (see People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665-666). Contrary to the defendant's contention, the narrow exception to the preservation rule does not apply here because the plea allocution did not cast significant doubt on the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Lopez, 71 NY2d at 666). In any event, the record establishes that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 781).
The sentence imposed was not unduly harsh or severe (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court