People v Gee (2025 NY Slip Op 05924)

People v Gee

2025 NY Slip Op 05924

Decided on October 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 28, 2025

Before: Kern, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ. 

Ind. No. 3494/17, 910/19|Appeal No. 5060|Case No. 2022-01503|

[*1]The People of the State of New York, Respondent,
v
Antoine Gee, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jaime Masten of counsel), for respondent.

Judgments, Supreme Court, New York County (Kate Paek, J., at plea; Angela J. Badamo, J., at sentencing), rendered April 4, 2022, convicting defendant, upon his pleas of guilty, of attempted burglary in the second degree under indictment No. 910/2019 and assault in the second degree under indictment No. 3494/2017, and sentencing him to concurrent terms of two years and one year, respectively, unanimously reversed, on the law, defendant's guilty pleas vacated, and the matter remanded for further proceedings.
Defendant's recitation of the facts underlying the crime of attempted burglary in the second degree to which he pleaded guilty negated an essential element of that crime, and thereby clearly cast significant doubt upon his guilt or otherwise called into question the voluntariness of his plea.
During the plea allocution the court asked defendant if it was true that he knowingly entered and remained unlawfully at the premises, which is a dwelling, and attempted to commit a crime inside. Defendant responded, "That wasn't my intent, but I did remain unlawfully." Defense counsel then stated "Yes, there was a protective order which he violated." The court then asked defendant, "That was with the intent to violate the order of protection, is that right"? Defendant responded, "Yes."
A key element of burglary is establishing the defendant's intent in entering or remaining unlawfully in a building to commit a crime therein (see People v Lewis, 5 NY3d 546, 548 [2005]). The violation of a stay-away provision in an order of protection, alone, cannot, without more, be used to establish the requisite state of mind to elevate criminal trespass to a burglary (see People v Cajigas, 19 NY3d 697, 701 [2012]; People v Lewis, 5 NY3d at 548).
Once defendant denied his intent to commit a crime within the premises, the court was required to inquire further to ensure that defendant's guilty plea was, in fact, knowing and voluntary (see People v Lopez, 71 NY2d 662, 666 [1988]). As the People concede, given that the court failed to inquire and improperly accepted the guilty plea, the plea must be vacated (see People v Stewart, 232 AD3d 445, 445-446 [1st Dept 2024]; People v Pariante, 283 AD2d 345, 346 [1st Dept 2001]). The People also concede that because the promise of concurrent sentences can no longer be fulfilled, defendant is entitled to vacatur of his plea to the charge of assault in the second degree (see People v Pichardo, 1 NY3d 126, 129 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2025