■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENFORD WALKER, Appellant. [674 NYS2d 64] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Rivera, J.), rendered June 18, 1996, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

A police officer on a rooftop observation post observed the defendant selling controlled substances. The officer communicated this information to police officers on the back-up team, and the defendant was arrested. The defendant contends for the first time on appeal that probable cause was not established because the observing officer failed to transmit a description of the defendant to the back-up team. By failing to raise this argument before the hearing court, the defendant has not preserved it for appellate review (*see,* CPL 470.05 [2]; *People v Volpe,* 60 NY2d 803; *People v Boyd,* 244 AD2d 497).

In any event, pursuant to the "fellow officer" rule (*see, People v Ramirez-Portoreal,* 88 NY2d 99, 113), the evidence established that the arrest of the defendant was lawful. The observing officer, who was an experienced professional, gave a detailed description of the defendant's clothing and several transactions conducted by the defendant which were indicative of unlawful drug activity in a known drug area. Additionally, the officer radioed the description of several of the buyers to the back-up team. The back-up team subsequently apprehended the buyers, who had drugs in their possession. Therefore, the Supreme Court correctly determined that this information gave the observing officer probable cause to arrest the defendant, and properly drew an inference that the back-up team effectuated the arrest as a result of communication with the observing officer (*see, People v Mims,* 88 NY2d 99).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.