■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DECASTA, Appellant. [826 NYS2d 134]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered November 5, 2004, convicting him of criminal sale of a controlled substance in or near school grounds, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Marrero, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's claim that the testimony at the suppression hearing failed to establish probable cause for his arrest is unpreserved for appellate review (see CPL 470.05 [2]; see also *People v Walker*, 251 AD2d 356, 357 [1998]). In any event, this contention is without merit. Under the "fellow officer" rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting as a result of communication with a fellow officer in possession of information sufficient to constitute probable cause for the arrest (see *People v Ketcham*, 93 NY2d 416, 419-420 [1999]). Under such circumstances, an officer who witnesses the sale of narcotics need not communicate the details of the transaction to the arresting officers so long as the observing officer uses language understood by the arresting officers to mean he witnessed an exchange of drugs for money (see *People v Washington*, 87 NY2d 945, 947 [1996]; see also *People v Maldonado*, 86 NY2d 631, 636 [1995]). Here, the communication of the officer who observed the defendant exchange drugs for money was sufficient to establish probable cause for the arrest of the defendant.

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Lifson and Lunn, JJ., concur.