■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL Q. McNAIR, Appellant. [912 NYS2d 421]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 1, 2009, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the time of sentencing, the defendant was presented with documents requesting that he forfeit to the People, among other things, three cellular phones considered proceeds of his crime (*see* CPLR 1311 [1]). After conferring with counsel, the defendant executed the documents, agreeing to forfeit the phones

instead of subjecting himself to a civil lawsuit, in which the People were likely to prevail.

The defendant contends that his plea was involuntarily obtained because he was not informed at the time of his plea that the People would request that he forfeit the cellular phones pursuant to CPLR article 13-A. The defendant's contention is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Smith*, 43 AD3d 474, 475 [2007]). In any event, contrary to the defendant's contention, the People's request that he forfeit the phones, which he expressly agreed to after conferring with counsel, was a collateral, not a direct, consequence of his plea of guilty (*see* CPLR 1311 [1]; *People v Gravino*, 14 NY3d 546, 553-557 [2010]; *People v Ford*, 86 NY2d 397, 402-403 [1995]; *Holtzman v Roman*, 141 AD2d 601 [1988]; *see also United States v United States Currency in the Amount of $228,536*, 895 F2d 908, 914-915 [1990], *cert denied sub nom. Parker v United States*, 495 US 958 [1990]; *cf. People v Catu*, 4 NY3d 242, 244-245 [2005]). Accordingly, the defendant's plea was knowingly, voluntarily, and intelligently made.

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.