THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAHQUEZ D. COLEMAN, Appellant. [29 NYS3d 552]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered March 10, 2015, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At the time of sentencing, the defendant was presented with a stipulation and a release for the forfeiture, to the District Attorney, of the sum of $6,134, two digital scales, and one cellular phone, all considered proceeds of his crime (*see* CPLR 1311 [1]). After conferring with counsel, the defendant executed the stipulation and the release, agreeing to forfeit the cash, scales, and phone instead of subjecting himself to a civil lawsuit.

The defendant contends that the imposition of a civil forfeiture was a direct consequence of his plea of guilty of which he was not advised at the time of the plea, and as a result, his plea of guilty was not knowingly, voluntarily, and intelligently entered. The defendant's contention is unpreserved for appellate review, since he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue at sentencing (*see People v Burgos*, 129 AD3d 627, 628 [2015]; *People v Detres-Perez*, 127 AD3d 535 [2015]; *People v McNair*, 79 AD3d 908, 909 [2010]). In any event, contrary to the defendant's contention, the imposition of a civil forfeiture, to which he expressly agreed after conferring with counsel, was a collateral, not a direct, consequence of his plea of guilty (*see* CPLR 1311 [1]; *People v McNair*, 79 AD3d at 909; *Holtzman v Roman*, 141 AD2d 601 [1988]; *People v Mitchell*, 121 AD2d 403 [1986]; *see also United States v United States Currency in the Amount of $228,536.00*, 895 F2d 908, 916 [2d Cir 1990]). Accordingly, the defendant's plea was not rendered unknowing, involuntary, or unintelligent by the failure to advise him of a civil forfeiture at the time of the plea.

The defendant's contention that his plea of guilty was not knowing and intelligent because he was not advised that his right to claim a speedy trial violation under CPL 30.30 would be forfeited upon his plea of guilty is unpreserved for appellate review, since he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the County Court (*see People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Bennett*, 122 AD3d 871, 872 [2014]; *People v Bunn*, 79 AD3d 1143 [2010]). In any event, the contention is without merit. There is no uniform mandatory catechism for accepting a plea of guilty (*see People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Seeber*,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 NY3d 780, 781 [2005]; *People v Isaiah S.*, 130 AD3d at 1082; *People v Bennett*, 122 AD3d at 872). A plea of guilty "will not be invalidated 'solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea' " (*People v Tyrell*, 22 NY3d at 365, quoting *People v Harris*, 61 NY2d 9, 16 [1983]). Here, before the court accepted the defendant's plea of guilty, it advised the defendant of numerous federal constitutional rights that he was waiving by pleading guilty (*see People v Sirico*, 135 AD3d at 22; *People v Isaiah S.*, 130 AD3d at 1082; *cf. People v Moore*, 24 NY3d 1030, 1031 [2014]; *People v Tyrell*, 22 NY3d at 366). The record affirmatively demonstrates the defendant's understanding and waiver of these constitutional rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (*see People v Harris*, 61 NY2d at 19-20).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.