■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SHARP, Appellant. [49 NYS3d 749]—Appeals by the de-

fendant from two judgments of the County Court, Dutchess County (Greller, J.), both rendered April 8, 2015, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 34/14, and criminal possession of a controlled substance in the third degree under Indictment No. 119/14, upon his pleas of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the record indicates that the County Court fulfilled its duty to inquire further when the defendant made certain statements at the plea allocutions which may have cast doubt upon his guilt or otherwise called into question the voluntariness of the pleas (*see People v Mox*, 20 NY3d 936, 938 [2012]; *People v Lopez*, 71 NY2d 662, 666 [1988]). Furthermore, the record as a whole, which includes extensive inquiry by the court, affirmatively demonstrates that the defendant entered his pleas of guilty knowingly, voluntarily, and intelligently (*see People v Conceicao*, 26 NY3d 375, 382-383 [2015]; *People v Harris*, 61 NY2d 9, 19 [1983]).

The defendant's contention that his pleas were involuntary to the extent that he purportedly agreed to forfeit certain cash and cellular phones is unpreserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v McNair*, 79 AD3d 908, 909 [2010]). In any event, the People's request that the defendant forfeit the subject property was a collateral, not a direct, consequence of his pleas of guilty (*see People v Coleman*, 138 AD3d 1014, 1015 [2016]; *People v McNair*, 79 AD3d at 909), and the County Court "generally has no obligation to apprise the defendant of the collateral consequences of the plea" (*People v Peque*, 22 NY3d 168, 184 [2013]; *see People v Gravino*, 14 NY3d 546, 553 [2010]; *People v Ford*, 86 NY2d 397, 403 [1995]). Moreover, the record shows that the defendant was apprised that the subject forfeitures were part of the plea agreement at the time of each plea and that he agreed to forfeit the property as part of each respective plea agreement (*see* CPL 220.50 [6]; *People v Carmichael*, 123 AD3d 1053 [2014]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.