People v Parker (2018 NY Slip Op 02811)





People v Parker


2018 NY Slip Op 02811


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2013-06474
 (Ind. No. 89/12)

[*1]The People of the State of New York, respondent,
v
Quahsym Parker, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered June 11, 2013, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Since the evidence submitted on that branch of the defendant's motion which was to suppress physical evidence demonstrated the existence of probable cause to arrest him (see CPL 140.10[1][b]; People v DeCasta, 34 AD3d 828), and that the items seized from his apartment were taken pursuant to a search warrant, suppression was properly denied without a hearing (see CPL 710.60[1]; People v Mendoza, 82 NY2d 415, 421; People v Newmark, 155 AD3d 974).
The defendant's challenge to the factual sufficiency of his plea allocution is unpreserved for appellate review (see People v Toxey, 86 NY2d 725, 726; People v Kelly, 151 AD3d 751, 752). Contrary to the defendant's contention, the exception to the preservation requirement does not apply in this case, because the defendant's allocution did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666). In any event, the plea allocution was sufficient, as it showed that the defendant understood the charges and made an intelligent decision to accept the plea (see People v Goldstein, 12 NY3d 295, 301; People v Seeber, 4 NY3d 780, 781).
The defendant's remaining contention, challenging the imposition of a civil forfeiture of certain items and currency, is unpreserved for appellate review (see People v Coleman, 138 AD3d 1014, 1015), and, in any event, without merit (see People v Coleman, 138 AD3d at 1015; cf. People v Carmichael, 123 AD3d 1053).
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court