People v Smith (2019 NY Slip Op 05574)





People v Smith


2019 NY Slip Op 05574


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2014-11907
 (Ind. No. 868/11)

[*1]The People of the State of New York, respondent,
v
Lamont Smith, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered December 18, 2014, convicting him of burglary in the first degree (three counts), robbery in the first degree (three counts), robbery in the second degree (three counts), assault in the second degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On April 2, 2011, the defendant, along with two codefendants, committed a push-in gunpoint robbery inside an apartment, and physically assaulted two of the complainants. Upon responding to a 911 call, police officers observed what appeared to be blood stains outside the complainants' apartment and a bloody shoeprint near a door to a stairwell. The officers tracked a trail of blood to an apartment two floors below. When the police officers knocked on that apartment door, it was answered by Monet Paige, who resided in that apartment. In response to the officers' questioning, Paige, appearing nervous and evasive, informed them that three males were inside the apartment with her two children. The officers requested that, for safety reasons, all of the occupants come out of the apartment into the hallway. Paige agreed to bring out her older child, but refused to bring out her infant child, and informed the officers that the three male occupants refused to come out as well. Subsequently, after an officer observed the reflection, in a window, of a male holding a crying infant inside the apartment, the officers made a warrantless entry into the apartment to protect the child, and apprehended the defendant and the codefendants. Proceeds of the crime were found in plain view inside the apartment, as were sneakers stained with what appeared to be blood. A firearm was recovered on the ground underneath the apartment window outside the building. Following a pretrial hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. At trial, the People introduced DNA evidence linking the defendant to the crime.
The defendant's contention, raised in his pro se supplemental brief, that he was [*2]deprived of his right to testify before the grand jury, is without merit. Criminal Procedure Law § 190.50(5)(a) provides a defendant with the right to testify before the grand jury "if, prior to the filing of any indictment . . . in the matter, he serves upon the district attorney of the county a written notice making such request." Notwithstanding the defendant's allegations that he signed a waiver of immunity and that he told his attorney of his desire to testify before the grand jury, there is no evidence in the record that either he or his attorney served the required written notice on the District Attorney (see CPL 190.50[5][a]). Consequently, we agree with the denial of the defendant's motion to dismiss the indictment on the ground that he was not accorded an opportunity to appear and testify before the grand jury (see id.; CPL 210.20[1][c]; 210.35[4]; People v Sain, 111 AD3d 964; People v Griffith, 76 AD3d 1102).
Contrary to the defendant's contention, the record supports the hearing court's determination that the police officers' warrantless entry into the apartment was justified because the officers were confronted with an emergency situation in which there was an immediate need for their assistance for the protection of life, the search was not motivated by an intent to arrest suspects and seize evidence, and there was a reasonable basis, approximating probable cause, to associate the emergency with the apartment searched (see People v Dallas, 8 NY3d 890; People v Mitchell, 39 NY2d 173; People v Rossi, 99 AD3d 947, affd 24 NY3d 968; People v Timmons, 54 AD3d 883; People v Lenart, 91 AD2d 132).
The defendant's contention, also raised in his pro se supplemental brief, that the police officers lacked probable cause to arrest him for criminal possession of stolen property under a theory of constructive possession is unpreserved for appellate review (see CPL 470.05[2]; People v DeCasta, 34 AD3d 828). In any event, the evidence elicited at the suppression hearing established that the arresting officers had probable cause to place the defendant under arrest (see People v High, 18 AD3d 775).
The defendant's specific contention that the Supreme Court's admission into evidence of the DNA profiles and reports, as well as the testimony of the People's expert analyst, violated his Sixth Amendment right to confrontation is unpreserved for appellate review (see CPL 470.05[2]; People v Clinkscales, 171 AD3d 1086; People v Thomas, 168 AD3d 766) and, in any event, without merit (see People v Lebron, 171 AD3d 1092; People v Thomas, 168 AD3d at 767; People v Breazil, 165 AD3d 1159; People v Gibson, 163 AD3d 586; People v Evans, 157 AD3d 716; People v Stahl, 141 AD3d 962).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the People were not required to provide him with prior notice of the police officers' testimony pursuant to CPL 710.30, since the officers had not previously participated in any pretrial identification procedure (see People v Green, 205 AD2d 800; People v Crespo, 111 AD2d 251).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The remaining contentions raised in the defendant's pro se supplemental brief are without merit.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court