People v Pagan (2019 NY Slip Op 08427)





People v Pagan


2019 NY Slip Op 08427


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07096
2017-07097

[*1]The People of the State of New York, respondent,
v
Edwin Pagan, appellant. (Ind. Nos. 16-00570, 16-01050)


Carl D. Birman, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Jordan K. Hummel of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), both rendered June 29, 2017, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 16-00570, and attempted assault in the first degree under Indictment No. 16-01050, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Initially, the defendant's waiver of his right to appeal was invalid because the Supreme Court failed to adequately explain the general nature of the right to appeal and the appellate rights he was waiving (see People v Moncrieft, 168 AD3d 982, 984; People v Fortier, 130 AD3d 642, 643). Nevertheless, the defendant's contention that his plea of guilty was not knowingly, intelligently, and voluntarily entered to the extent that he purportedly agreed to forfeit certain cash is unpreserved for appellate review because the defendant failed to move to withdraw the plea prior to sentencing or otherwise raise the issue before the Supreme Court (see People v Lopez, 71 NY2d 662; People v Harris, 169 AD3d 924; People v Saliani, 163 AD3d 854, 854; People v Hutter, 154 AD3d 776, 776). In addition, "the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea" (People v Fontanet, 126 AD3d 723, 723; see People v Tyrell, 22 NY3d 359, 364; People v Lopez, 71 NY2d at 666).
In any event, the People's request that the defendant forfeit the subject cash was a collateral, not a direct, consequence of his pleas of guilty, and the Supreme Court generally has no obligation to apprise the defendant of the collateral consequences of the plea (see People v Sharp, 148 AD3d 1058, 1059). Moreover, the record shows that the defendant was apprised that the subject forfeitures were part of the plea agreement at the time of the pleas and that he agreed to forfeit the cash as part of the plea agreement (see CPL 220.50[6]; People v Sharp, 148 AD3d at 1059).
The defendant's contention that he was deprived of the effective assistance of counsel during the plea proceedings is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People [*2]v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court